# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **N.A.-K. and I.M.**

**No. 20-0564** (Hardy County 19-JA-24 and 19-JA-25)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.A., by counsel Jeremy B. Cooper, appeals the Circuit Court of Hardy County's June 12, 2020, order terminating her parental rights to N.A.-K. and I.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Kelley A. Kuhn, filed a response on behalf of the children in support of the circuit court's order. B.K., the father of N.A.-K., by counsel Jonie E. Nelson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner and the father of I.M. regularly abused drugs and exposed the children to drug use. In November of 2019, the circuit court held an adjudicatory hearing wherein petitioner stipulated to abusing and neglecting the children through her persistent drug abuse and the court granted her a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to address her substance abuse; submit to a psychological evaluation and follow its recommendations; stay drug free; find housing; and maintain employment.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

The DHHR filed a motion to terminate petitioner's improvement period in January of 2020 because petitioner failed to participate in random drug screenings or parenting services and failed to complete a psychological evaluation. The next month, the circuit court held a hearing on the DHHR's motion wherein a caseworker testified to petitioner's noncompliance with the terms of her improvement period. Specifically, the caseworker stated that petitioner never reported to the day report center to begin the random drug testing program, failed to appear for her last court hearing, missed the last two multidisciplinary team ("MDT") meetings, and participated in just one parenting and life skills class before failing to attend subsequent classes. A service provider corroborated the caseworker's testimony and confirmed that petitioner had attended only one parenting and life skills class and that the provider attempted to schedule additional meetings with petitioner without success. Petitioner testified and admitted that she failed to comply, citing depression and a lack of transportation for this failure. However, petitioner also admitted that she did not seek assistance for these issues from the DHHR, MDT, or other sources. As a result, the circuit court terminated her improvement period and ordered that services remain available so petitioner could potentially move for a post-dispositional improvement period.

In June of 2020, the circuit court held a dispositional hearing wherein a caseworker testified that despite a brief period of effort immediately following the termination of her post-adjudicatory improvement period, petitioner fell into noncompliance with services. A day report center employee testified that petitioner began services in February of 2020 for individual and weekly group therapy, as well as recovery coaching and random drug screening. The employee testified that petitioner participated in sessions during February but missed appointments in March and April of 2020. Services were briefly switched to telephonic appointments due to the coronavirus pandemic, but petitioner failed to call in as scheduled and her responses were sporadic. Upon returning to in-person services in May, petitioner still failed to participate. The DHHR also moved for petitioner's drug screen records to be admitted, showing petitioner tested positive for methamphetamine in February of 2020 and that she failed to participate in screens after March 17, 2020. Petitioner testified that poor internet service, new employment, and the coronavirus pandemic hindered her participation in services even after her improvement period was revoked. Petitioner promised more participation if she were granted a post-dispositional improvement period. In light of the evidence, the circuit court found that petitioner failed to comply with the terms and conditions of her improvement period despite being afforded an extended opportunity to comply. The circuit court further found that petitioner failed to meet the goals of her case plan. Based upon these findings, the circuit court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interests of the children to terminate petitioner's parental rights.[2] The circuit court entered an order reflecting its decision on June 12, 2020. Petitioner appeals from this order.

The Court has previously established the following standard of review:

_____

[2]N.A.-K.'s father is a nonabusing parent, and the permanency plan is for the child to remain in his care. I.M.'s father's parental rights were terminated below, and he has not appealed. According to the parties, the permanency plan for the child is adoption.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period because she had previously demonstrated by clear and convincing evidence that she would comply with the terms and conditions of an improvement period. Petitioner argues that she "had made numerous and encouraging developments in her life that would enable her to suitably parent her children." We find petitioner's argument unavailing.

Although there were points in time where petitioner complied with services generally, she ignores the fact that she did not complete many of the terms required by her family case plan. Most importantly, petitioner's argument on appeal fails to address her ongoing substance abuse issues and her failure to take any steps to remedy these issues. Petitioner does not dispute that she did not participate in multiple required drug screens or that she tested positive for methamphetamine in at least one screen where she did participate. Further, petitioner admitted that she had a substance abuse problem but failed to enroll in a treatment program. However, instead of addressing any of these deficiencies, petitioner's argument in support of this assignment of error focuses entirely on certain factors that she believes precluded her ability to remedy this issue, including a lack of transportation, depression, and a brief hospitalization. Petitioner also cites a lack of participation due to the coronavirus pandemic. The DHHR notes that petitioner continued to miss services even when they were provided by telephone because of the pandemic. Without addressing further the specific difficulties that petitioner believes resulted in her continued inability to participate in services or attend drug screenings or court hearings, we note that petitioner bore the responsibility of completing the goals of her family case plan, and the record shows that she took almost no steps to achieve these goals. *See* W. Va. Code § 49-4-610(4) ("When any improvement period is granted to a respondent pursuant to this section, the respondent shall be responsible for the initiation and completion of all terms of the improvement period.").

Despite the overwhelming evidence of petitioner's noncompliance, she nonetheless argues that she would have fully participated in a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(D) provides that in order to obtain a post-dispositional improvement period

after the granting of a previous improvement period, a parent must "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the record is clear that petitioner failed to fully comply with the terms and conditions of her prior post-adjudicatory improvement period, as evidenced by her failure to participate in drug screens and parenting and adult life skills classes, communicate with her caseworker, or attend MDT meetings and circuit court hearings throughout her improvement period. The circuit court considered this evidence when it terminated her post-adjudicatory improvement period and when it denied her motion for a post-dispositional improvement period. Even more importantly, petitioner fails to cite to any evidence in the record that shows that she underwent a substantial change in circumstances subsequent to her post-adjudicatory improvement period. Therefore, we find that the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

On appeal, petitioner asserts that the circuit court's decision to terminate was improper when she was making substantial progress toward reunification. We disagree. The circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services based on the evidence of petitioner's sporadic compliance and her failure to participate in drug screens, attend life skills and parenting classes, and communicate with her caseworker. Importantly, those findings constitute a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(d)(3). Moreover, the circuit court found that termination of petitioner's parental rights was in the children's best interests. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal. As such, termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 12, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison